**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **WILLIAM O. BYRD** | § | |
| | § | |
| **V.** | § | |
| | § | **A-09-CA-848-LY** |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE** | § | |
| **SOCIAL SECURITY ADMINISTRATION** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATED MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration (Clerk's Doc. No. 5); Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Doc. No. 16); and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 19). Also before the Court is the Social Security record filed in this case (Cited as "Tr."). Plaintiff William Byrd appeals from the determination that he is not disabled and presents for review two issues: (1) whether proper weight was given to the treating and examining doctor's opinions; and (2) whether the conflict between the ALJ's first and second decision is grounds for remand.

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

On January 7, 2005, William Byrd (hereinafter "Byrd" or "Plaintiff") filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act") (Tr. 35, 106). Byrd

alleged disability beginning May 26, 2001, due to back pain and diabetes (Tr. 106, 131). The claim was denied initially on February 16, 2005, and upon reconsideration on May 23, 2005 (Tr. 46, 51). Byrd timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 7, 2006 (Tr. 35). The ALJ issued an unfavorable decision dated October 3, 2006, finding that Byrd was not disabled within the meaning of the Act (Tr. 32–41). Byrd appealed this decision, and on June 9, 2007, the Appeals Council remanded the case for further administrative proceedings (Tr. 42–45). The second hearing before the ALJ was held on July 8, 2008, in Austin, Texas (Tr. 19). Byrd testified at the hearing and was represented by his attorney, Susan Denzer (Tr. 386).[1] Molly Kelly, a vocational expert, also appeared and testified at the hearing (Tr. 386). On July 31, 2008, the ALJ issued a new decision, again finding that Byrd was not disabled within the meaning of the Act (Tr. 16–27). The Appeals Council declined Byrd's request for review of this decision on September 25, 2009, making it the final decision of the Commissioner (Tr. 7–10). Byrd then brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying him benefits under the Act.

## II. FINDINGS OF ADMINISTRATIVE LAW JUDGE

The ALJ found that, through the date last insured, Byrd's degenerative disc disease was a severe impairment (Tr. 21). The ALJ further found that Byrd does not have an impairment or combination of impairments that meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15). In regard to residual functional capacity ("RFC"), the ALJ found that Byrd had the RFC through the date last insured to lift or carry 50 pounds occasionally and 25 pounds frequently, push or pull limited to the same weight, stand or walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. Furthermore, the ALJ found that Byrd would be

---

[1]In this appeal, he is represented by Mary Ellen Felps.

unable to lift overhead with the non-dominant arm (Tr. 22). After considering Byrd's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Byrd could perform through the date last insured (Tr. 25).[2] Specifically, the ALJ found that Byrd was capable of performing the requirements of occupations such as dining room attendant (5,636 in Texas; 69,416 in the United States), laundry laborer (13,466 in Texas; 43,790 in the United States), and food beverage attendant (6,782 in Texas; 91,284 in the United States) (Tr. 26). Accordingly, the ALJ found that Byrd was not disabled as defined in the Act at any time from May 26, 2001, the alleged onset date, through September 30, 2005, the date last insured (Tr. 26).

## III. ISSUES BEFORE THE COURT

Byrd contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Byrd argues that (1) proper weight was not given to the treating and examining doctor's opinions; and (2) there is an inconsistency which requires clarification in the RFC findings in the two decisions issued by the ALJ.

## IV. STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir.

---

[2]Byrd's date last insured was September 30, 2005. Therefore, he had to establish disability on or before that date to be entitled to benefits (Tr. 19).

1983)).  Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).  However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  "The Commissioner, rather than the courts, must resolve conflicts in the evidence."  *Martinez*, 64 F.3d at 174.  If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed.  *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision.  *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

## V.  ANALYSIS

**A.     Did the ALJ fail to give proper weight to the treating and examining doctor's opinions?**

In his first issue, Byrd argues that this case should be remanded because the ALJ rejected the opinions of Dr. Craighead without the proper legal basis.  According to Plaintiff, no medical evidence controverts the opinion of Dr. Craighead, so the ALJ should have done a detailed analysis of the records from Dr. Craighead before rejecting them.  Throughout Plaintiff's brief, he refers to Dr. Craighead as a "treating physician," and based on this premise, argues that the ALJ's treatment of his opinions was in error.  But as the Commissioner points out, Dr. Craighead, a chiropractor, is not a treating source that is entitled to greater weight under the regulations.

Only "acceptable medical sources" can provide "medical opinions" to show the severity of a claimant's impairment and how it affects his functional ability. *See* 20 C.F.R. § 404.1527(a)(2).

4

Acceptable medical sources include licensed physicians or osteopathic doctors, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *See id.* § 404.1513(a).  Information from a chiropractor, however, is considered information from "other sources," which "may" be used to show the severity of an impairment and how it may affect the claimant's ability to work.  *See id.* § 404.1513(d).  Because a chiropractor is not a "treating physician" or a "treating source," a chiropractor's opinion is not given controlling weight.

Here, the ALJ considered the chiropractor's report along with other evidence, but rejected the "unexplained work-related limitations" because the medical evidence from acceptable medical sources rebutted the chiropractor's conclusions (Tr. 23-24). The Fifth Circuit has observed that less weight is accorded to a chiropractor's opinion than a medical doctor's opinion. *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991); *see also Porter v. Barnhart*, 200 Fed. App'x. 317, 319 (5th Cir. 2006) ("[T]he ALJ was not required to rely on the chiropractor's evaluation in making the RFC finding because a chiropractor is not an acceptable medical source.").  Accordingly, the undersigned finds no error in the ALJ's treatment of Dr. Craighead's opinions.

**B.    Is there an inconsistency in the RFC findings in the two decisions issued by the ALJ that requires remand for clarification?**

Under his next issue, Byrd argues that remand is required because there is an inconsistency in the RFC findings in the two issued by the ALJ.[3]  While Byrd is correct in asserting that the RFC finding was different in the second decision than that made in the first, Byrd does not show how this inconsistency affected the finding that he was not disabled.  Rather, Byrd merely points out

---

[3]Plaintiff also argues under this issue that remand is required because the ALJ failed to provide "appropriate rationale with specific reference to evidence of record in support of the assessed limitations."  Having reviewed the ALJ's decision, the undersigned finds that this is plainly not the case.  Moreover, this is a separate issue from that stated in the issue heading, and therefore it was not properly presented for review.  *See* Clerk's Doc. No. 13 ("The argument shall be divided into sections, each section separately treating each issue . . . .").

the inconsistency and states that remand is required for "clarification." A reviewing court, however, "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Because Byrd fails to argue, much less show, that his substantial rights were affected, the undersigned recommends that the Commissioner's decision be affirmed.

## VI.  RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

## VII.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report &

Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of June, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE